IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IESHA GILLIAN,<br><br>   Plaintiff,<br><br>v.<br><br>DG DISTRIBUTION SOUTHEAST, LLC<br><br>   Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Iesha Gillian (hereinafter "Plaintiff" or "Ms. Gillian"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## INTRODUCTION

1.

Plaintiff brings this action against Defendant, for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., the Americans with Disabilities Act, as amended by the Americans with

Disabilities Amendments Act of 2008 ("ADAA"), 42 U.S.C. § 12101 *et seq.* and Retaliation under Title VII of the Civil Rights Act of 1964.

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination against DG Distribution Southeast, LLC on July 12, 2021. The EEOC issued its Notice of Right to Sue on August 11, 2022.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

5.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Middle District

of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## **PARTIES**

6.

Plaintiff was hired by Defendant on or about July 2, 2020, as a Picker.

7.

Defendant owns, controls, manages and operates a Dollar General Store located in Jackson, Georgia where Plaintiff was employed.

8.

Plaintiff is an "employee" as defined by Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

9.

Defendant is an "employer" as defined by Title VII of the Civil Rights Act, the Pregnancy Discrimination Act.

10.

Defendant DG Distribution Southeast, LLC is a Foreign Limited Liability Company and is registered to do business in the State of Georgia. Defendant may be served by delivering a copy of the summons and complaint

upon its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street, SE, Suite 125, Marietta, GA 30060.

## FACTUAL ALLEGATIONS

11.

Plaintiff was employed by Defendant from approximately July of 2020 until May 20, 2021.

12.

At all times relevant to this complaint, Plaintiff held the position as a Picker at Defendant's store located in Jackson, Georgia.

13.

Plaintiff performed well while working for the Defendant.

14.

Plaintiff discovered she was pregnant in January of 2021.

15.

Plaintiff immediately notified Latonya Roblejo, her manager as well as Human Resources that she was pregnant.

4

16.

Plaintiff provided management with a note from her doctor on or about February 26, 2021, with her work restrictions.

17.

Plaintiff advised management per her doctor that she could not lift anything over 35 pounds.

18.

Despite Plaintiff's work restrictions, she was still able to complete the remainder of her regular job duties.

19.

Plaintiff provided HR and her supervisors Ryan Phillips and Latonya Roblejo with her doctor's restrictions limiting her lifting.

20.

Defendant denied Plaintiff a reasonable accommodation as Defendant refused to switch her from picking to a cleaning position.

21.

Plaintiff asked her supervisor to switch her to another position per her work restrictions she received from her doctor.

22.

Although Defendant denied Plaintiff a reasonable accommodation, Defendant accommodated other employees with lifting restrictions.

23.

Plaintiff was shocked that Defendant denied her a reasonable accommodation as Defendant could have moved the Plaintiff to another location where she did not have to lift anything over 35 pounds.

24.

Plaintiff took medical leave from March 1, 2021, to April 1, 2021, as she was denied FMLA.

25.

When Plaintiff returned from medical leave, she again requested a reasonable accommodation.

26.

Defendant again denied Plaintiff's request for an accommodation.

27.

Plaintiff continued to report to work but Defendant would continuously send Plaintiff home and advise the Plaintiff that they didn't have any work for her.

28.

On or about May 10, 2021, Defendant terminated the Plaintiff for failure to report to work even though Defendant was the one that kept sending the Plaintiff home.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

30.

Defendant failed to engage in any interactive process with Plaintiff regarding her request for a reasonable accommodation before terminating her employment and terminated Plaintiff's employment during a time in which Plaintiff had been granted leave.

31.

Others outside the Plaintiff's protected class were treated differently.

## COUNT I

### Pregnancy Discrimination Under
### Pregnancy Discrimination Act & Title VII

32.

Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 31 as though fully stated herein.

33.

Defendant discriminated against Plaintiff based on her pregnancy.

34.

Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against her as set forth above.

35.

Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

36.

Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

37.

The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## **COUNT II – TITLE VII ADA DISABILITY DISCRIMINATION**
### **(Failure to accommodate)**

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

Plaintiff was pregnant and was unable to lift over 35 pounds due to her pregnancy.

40.

Defendant was aware of Plaintiff's disability.

41.

Defendant received notice from Plaintiff's physician regarding her condition and work restrictions.

42.

Defendant terminated Plaintiff's employment, in whole or in part, because of her disability.

43.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

44.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

45.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

**COUNT III – PERCEIVED DISABILITY DISCRIMINATION**

46.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

47.

Plaintiff had a perceived disability where she was unable to lift over 35 pounds due to her pregnancy.

48.

Defendant was aware of Plaintiff's perceived disability.

49.

Defendant received notice from Plaintiff's physician regarding her condition and work restrictions.

50.

Defendant terminated Plaintiff's employment, in whole or in part, because of his perceived disability.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her perceived disability.

53.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT IV
## COUNT IV – RETALIATION UNDER TITLE VII

54.

Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 53.

55.

Defendant retaliated against Plaintiff for complaining about discriminatory treatment she was enduring.

56.

Defendant engaged in retaliation by terminating Plaintiff for requesting a reasonable accommodation thereby engaging in protected activity and opposing illegal activity.

57.

Defendant engaged in unlawful retaliation against Plaintiff, in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

58.

Defendant's retaliatory conduct, in violation of Title VII, caused Plaintiff to suffer a loss of pay and benefits.

**WHEREFORE,** Plaintiff respectfully requests:

a. Judgment in favor of Plaintiff and against Defendant for violation under the Pregnancy Discrimination Act;

b. A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADAA;

c.  Judgment in favor of Plaintiff and against Defendant for damages including lost earnings, reinstatement, front pay, and/or actual monetary losses suffered as a result of Defendant's conduct.

d.  Judgment in favor of Plaintiff and against Defendant for her reasonable attorney's fees and litigation expenses;

e.  Judgment in favor of Plaintiff and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii) and,

f.  Declaratory judgment that Defendant's practices toward Plaintiff violate her rights under PDA.

Dated this 31st day of October, 2022. Respectfully submitted,

                **THE LEACH FIRM, P.A.**

                /s/*Adeash Lakraj*_____
                Adeash A.J. Lakraj, Esq.
                GA Bar No. 444848
                631 S. Orlando Ave, Suite 300
                Wells Fargo Building
                Winter Park, FL 32789
                Telephone: 770.728.8478
                Facsimile: 833.423.5864
                Email: alakraj@theleachfirm.com